| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMEN County: HAMPDEN | Docket Number 04  358 |
|---|---|---|

| PLAINTIFF(S)    LINDA E. HERBERT | DEFENDANT(S) THE HARTFORD FINANCIAL SERVICES GROUP, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Maurice M. Cahillane, Esq. BBO#069660 Egan Flanagan & Cohen PC, 67 Market St. Board of Bar Overseers number: Springfield, MA 01102 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
[ X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial)    (F)
[ ] 3.   F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript relief from judgment/ Order (Mass.R.Civ.P. 60)    (X)
[ ] 6. E10 Summary Process Appeal    (X)

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B22 | Employment Discrimination    (F) | ( X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
**(Attach additional sheets as necessary)**

A.   Documented medical expenses to date:
   1.   Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   2.   Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   3.   Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   4.   Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   5.   Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                                                                    Subtotal $. . . . . . . . . . .
B.   Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C.   Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D.   Reasonably anticipated future medical and hospital expenses . . . . . . . . . . $. . . . . . . . . . .
E.   Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F.   Other documented items of damages (describe) . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                    $. . . . . . . . . .
                                                                       TOTAL: $. . . . . . . . . . .

### CONTRACT CLAIMS
**(Attach additional sheets as necessary)**
Provide a detailed description of claim(s):

                                                                       TOTAL    $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record    _____    DATE: 4/7/04
                                  Maurice M. Cahillane

A O S C 2003

**A true copy.**

Attest: _____
Deputy/ **Assistant Clerk**

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land Taking (eminent domain) | ( | E02 Appeal from Administrative Agency G L c 30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L.c.40A | (F) | E03 Action against Commonwealth /Municipality, G L c.258 | (A) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E05 All Arbitration | (X) |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of Mortgage | (X) | E07 G.L. c.112,s.12S (Mary Moe) | (X) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien &charges | (X) | E08 Appointment of Receiver | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (X) | E09 General Contractor bond, G L c.149,s.29,29a | (A) |
| **TORT** | | | | **EQUITABLE REMEDIES** | | E11 Workers' Compensation | (X) |
| B03 | Motor Vehicle Negligence- | (F) | D01 | Specific performance of contract | (A) | E12 G.L.c.123A.s.12 (SDP Commitment) | (X) |
| | Personal injury/Property Damage | | D02 | Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| B04 | Other negligence- | (F) | D06 | Contribution or Indemnification | (F) | E15 Abuse Petition, G L c.209A | (X) |
| | personal injury/property damage | | D07 | Imposition of Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| B05 | Products Liability | (A) | D08 | Minority Stockholder's Suit | (A) | E17 Civil Rights Act,G.L.c.12,s.11H | (A) |
| B06 | Malpractice-Medical | (A) | D10 | Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 | Malpractice-Other (Specify) | (A) | D12 | Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| B08 | Wrongful death,G.L.c.229,s.2A | (A) | D13 | Declaratory Judgment G.L.c. 231A | (A) | E25 Pleural Registry (Asbestos cases) | |
| B15 | Defamation (Libel-Slander) | (A) | D99 | Other (Specify) | (F) | E95 Forfeiture G.L.c. 94C,s.47 | (F) |
| B19 | Asbestos | (A) | | | | E96 Prisoner Cases | (F) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E97 Prisoner Habeas Corpus | (X) |
| B21 | Environmental | (F) | | | | E99 Other (Specify) | (X) |
| B22 | Employment Discrimination | (F) | | | | | |
| B99 | Other (Specify) | (F) | | | | | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [x] Yes [ ] No |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. **04   358**

LINDA E. HERBERT,          )
   Plaintiff            )
                    )
                    )    <u>COMPLAINT AND DEMAND</u>
Vs.            )    <u>FOR TRIAL BY JURY</u>
                    )
THE HARTFORD FINANCIAL    )
SERVICES GROUP, INC.,      )
   Defendant            )

**HAMPDEN SUPERIOR COUNTY COURT FILED APR -7 2004 CLERK-MAGISTRATE**

### **PARTIES**

1.  The plaintiff, Linda E. Herbert ("Herbert"), is an individual residing at 11 Ruth Avenue, Chicopee, Massachusetts.

2.  The defendant, The Hartford Financial Services Group, Inc. ("Hartford"), is a Connecticut corporation with a principal place of business at Hartford Plaza, 690 Asylum Avenue, Hartford, Connecticut.

### **FACTS**

3.  The plaintiff Herbert was employed by the defendant Hartford from February 1997 until June 11, 2001.

4.  During her employment, the plaintiff worked in the Purchasing Department and was an Associate Buyer, Buyer, Procurement Manager and Strategic Analyst/Trader. During her time with the defendant Hartford, the plaintiff performed her duties well and received good evaluations.

5.  In August of 2000, the plaintiff discovered that two men, who were performing the same job as she was, were paid substantially more. She complained to her supervisor about this disparity in pay. She was thereafter subjected to retaliation up to and including her termination on June 11, 2001. She was ostracized and improperly reprimanded without just cause. When the plaintiff complained about this situation, she was told to look for another job.

6.  On June 11, 2001, the plaintiff was terminated for an alleged violation of company policy. As a purchaser of supplies from a vendor, the plaintiff had obtained, through a



promotion, the right to purchase pieces of equipment, which she donated to the United States Naval Reserve, co-workers and family members. Plaintiff had prior oral approval of a supervisor to do this, but was nevertheless called in and interrogated by the defendant's Department of Special Investigations and, at the time she was interrogated, the plaintiff was not allowed to leave the room unless, and until, she had signed an inaccurate document admitting that she had done something wrong.

7. The defendant Hartford took the actions described in retaliation against the plaintiff for her complaints of illegal discriminatory pay practices.

## COUNT I

8. The plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-7 above.

9. By its actions, the defendant Hartford violated the Equal Pay Act 29 U.S.C. §215 (a)(3) and did so willfully and intentionally.

WHEREFORE, the plaintiff prays:

1. That judgment be entered in her favor;

2. That she receive all actual and compensatory damages suffered by her, including all lost wages and benefits;

3. That all damages be liquidated in accordance with the Equal Pay Act;

4. That she be granted her attorney's fees;

5. That she be awarded interest and costs; and

6. Such other and further relief as the Court deems just.

## COUNT II

10. The plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-9 above.

11. By its actions, the defendant Hartford violated the Sex Discrimination and Retaliation Provisions of 42 U.S.C. §2000 (e) and did so willfully and intentionally.

2

WHEREFORE, the plaintiff prays:

1. That judgment be entered in her favor;

2. That she be granted all actual and compensatory damages, including all lost wages and benefits, damages for emotional distress and all other damages provided for by Statute;

3. That she be granted punitive damages;

4. That she be granted her attorney's fees;

5. That she be granted all interest and costs; and

6. Such other and further relief as the Court deems just.

PLAINTIFF CLAIMS A TRIAL BY JURY.

THE PLAINTIFF
By her attorney:

Dated:  April __7__, 2004

Maurice M. Cahillane, Esq./BBO #069660
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA  01102-9035
Telephone:  (413) 737-0260
Fax:          (413) 737-0121

A true copy.
Attest:

3

Deputy Assistant Clerk

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

APR 15 2004

*Marie G. Mazza*
CLERK-MAGISTRATE

LINDA E. HERBERT

_____, PLAINTIFF(S)

V.

THE HARTFORD FINANCIAL
SERVICES GROUP, INC.

_____, DEFENDANT(S)

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-358**

**SUMMONS**

To the above named defendant:    The Hartford Financial Services Group, Inc.

You are hereby summoned and required to serve upon Maurice M. Cahillane, Esq., of Egan Flanagan And Cohen PC, plaintiff's attorney, whose address is 67 Market St., Springfield, MA 01102, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ 7th _____ day of ___April_____ in the year of our Lord two thousand and ~~three~~ four.

*Marie G. Mazza*

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**A true copy.**

**Attest:**

FORM No 1

*Denise M. ____* Deputy **Assistant Clerk**

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

STATE OF CONNECTICUT:

COUNTY OF HARTFORD  :  : ss:  Hartford

4/12/2004

Then and by virtue hereof and by direction of the plaintiff's *attorney and by order of the court* ~~attorney~~, I left a true and attested copy of the within original *summons and a copy of the cover sheet and complaint* ~~writ, summons and complaint~~

with and in the hands of *Gary J. Scappini,* ∧ Special Assistant *Secretary,* ~~Assistant Secretary~~ *Person-in-charge of the office* of Ƈ T Corporation System, agent for service for

the within named defendant *The Hartford Financial Services Group,* ~~in said Town of Hartford.~~ *Inc., in the said town of Hartford.*

The within is the original ~~writ~~, summons and ~~complaint~~ *a copy of the cover sheet and complaint* with my doings hereon endorsed.

ATTEST:

*Joseph A. Homelson*

~~Deputy Sheriff~~
~~Hartford County~~

Joseph A. Homelson
State Marshal

| | | |
|---|---|---|
| Copy | $ | 7.00 |
| Endorsement | | .80 |
| Service | | 30.00 |
| Travel: 4 Miles | | 1.50 |
| | $ | 39.30 |

A true copy.

Attest:

Ƈena M. D.ha

~~Deputy~~  Assistant Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LINDA HERBERT,

                            Plaintiff,

            vs.

THE HARTFORD FINANCIAL SERVICES
GROUP, INC.
HAMPDEN COUNTY
SUPERIOR COURT
**FILED**                   Defendant.

------ APR 2 6 2004 ------------------------------

*Sharice O'Maggio*
CLERK-MAGISTRATE

**DUPLICATE**

Civil Action No. *04-30079-MAP*

I HEREBY ATTEST AND CERTIFY ON *4/22/04*
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: *Mary Finn*

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, The Hartford Financial Services Group, Inc. ("The Hartford"), respectfully submits that:

1.      On or about April 12, 2004, The Hartford was served with a Summons and Complaint in a matter entitled <u>Linda E. Herbert v. The Hartford Financial Services Group, Inc.</u>, Civil Action No. 04-358, which was filed in Massachusetts Superior Court, Hampden County.

2.      The process, pleadings, and orders served upon The Hartford to date in this matter, copies of which are attached hereto as <u>Exhibit A</u>, are as follows:

    a.   Summons;

    b.   Civil Action Cover Sheet; and

    c.   Complaint And Demand For Trial By Jury.

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action presents a claim arising under the Constitution, Law, or Treaties of the United

States, as the Plaintiff has asserted federal statutory claims pursuant to 29 U.S.C. § 215(a)(3) and 42 U.S.C. §2000(e) pertaining to alleged unequal wages and discrimination.

4.      The Hartford will notify the Hampden Superior Court and all adverse parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Hampden Superior Court, is attached hereto as Exhibit B.

Respectfully submitted,

THE HARTFORD FINANCIAL SERVICES
GROUP, INC.

By its attorneys,

Thomas Royall Smith (BBO# 470300)
Erik J. Winton (BBO# 600743)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: April ___, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of April, 2004, a copy of the foregoing was served on Plaintiff's attorney, Maurice M. Cahillane, Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, MA  01102-9035, via first-class mail, postage prepaid

Jackson Lewis LLP

A true copy.
Attest:

_____ M. _____
Assistant Clerk

Deputy

A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

14:45
DE

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-358

LINDA E. HERBERT

_____, PLAINTIFF(S)

v.

THE HARTFORD FINANCIAL
SERVICES GROUP, INC.

_____, DEFENDANT(S)

**SUMMONS**

To the above named defendant: The Hartford Financial
Services Group, Inc.

You are hereby summoned and required to serve upon
Maurice M. Cahillane, Esq. of Egan Flanagan and Cohen PC, plaintiff's attorney, whose address is
67 Market St., Springfield, MA 01102, an answer to the complaint which is herewith served upon
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before
service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ 7th _____ day of
____April_____ in the year of our Lord two thousand three four.

_Marie G. Mazza_

Clerk / Magistrate

A TRUE COPY, ATTEST:

_Joseph A. Homelson_

JOSEPH A. HOMELSON
STATE MARSHAL

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate
summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2003, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

Dated:_____, 2003

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS**
**BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.**

```
(                              )
(       4/12/2004, 2003        )
(                              )
```

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: HAMPDEN | Docket Number 04-358 |
|---|---|---|

| PLAINTIFF(S)   LINDA E. HERBERT | DEFENDANT(S) THE HARTFORD FINANCIAL SERVICES GROUP, INC. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Maurice M. Cahillane, Esq. BBO#069660 Egan Flanagan & Cohen PC, 67 Market St. Board of Bar Overseers number: Springfield, MA 01102 | ATTORNEY (if known) |
|---|---|

Origin code and track designation

Place an x in one box only:
[ X ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1. Total hospital expenses ............................................ $.............
2. Total Doctor expenses ............................................. $.............
3. Total chiropractic expenses ....................................... $.............
4. Total physical therapy expenses .................................. $.............
5. Total other expenses (describe) ................................... $.............
Subtotal $.............
B.  Documented lost wages and compensation to date .............. $.............
C.  Documented property damages to date .......................... $.............
D.  Reasonably anticipated future medical and hospital expenses ... $.............
E.  Reasonably anticipated lost wages .............................. $.............
F.  Other documented items of damages (describe) .................. $.............

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)   $.............

TOTAL: $.............

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Maurice M. Cahillane_   DATE: 4/7/04
Maurice M. Cahillane

A.O.S.C. 2003

| CONTRACT | | | REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|
| A01 Services,labor and materials | (F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G L c 30A | (X) |
| .02 Goods sold and delivered | (F) | C02 Zoning Appeal, G.L.c.40A | (F) | E03 Action against Commonwealth Municipality, G L c.258 | (X) |
| .03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E05 All Arbitration | (X) |
| .08 Sale or lease of real estate | (F) | C04 Foreclosure of Mortgage | (X) | E07 G.L. c.112,s.12S (Mary Moe) | (X) |
| .12 Construction Dispute | (A) | C05 Condominium lien &charges | (X) | E08 Appointment of Receiver | (X) |
| .99 Other (Specify) | (F) | C99 Other (Specify) | (X) | E09 General Contractor bond, G L c;149,s.29,29a | (A) |
| TORT | | | EQUITABLE REMEDIES | | E11 Workers' Compensation | (X) |
| B03 Motor Vehicle Negligence- | (F) | D01 Specific performance of contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| Personal Injury/Property Damage | | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| .04 Other negligence- | (F) | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G L c.209A | (X) |
| personal injury/property damage | | D07 Imposition of Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| .05 Products Liability | (A) | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act,G.L.c.12,s.11H | (A) |
| .06 Malpractice-Medical | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| .07 Malpractice-Other (Specify) | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L.c. 178M.s.6 | (X) |
| .08 Wrongful death,G.L.c.2z9,s.2A | (A) | D13 Declaratory Judgment G.L.c. 231A | (A) | E25 Plural Registry (Asbestos cases) | |
| 15 Defamation (Libel-Slander) | (A) | D99 Other (Specify) | (F) | E95 Forfeiture G.L.c. 94C,s.47 | (F) |
| 19 Asbestos | (A) | | | E96 Prisoner Cases | (F) |
| 20 Personal Injury-Slip&Fall | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| 21 Environmental | (F) | | | E99 Other (Specify) | (X) |
| 22 Employment Discrimination | (F) | | | | |
| 99 Other (Specify) | (F) | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [x] Yes [ ] No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. **04** **358**

LINDA E. HERBERT,         )
    Plaintiff         )
                )         <u>COMPLAINT AND DEMAND</u>
Vs.         )         <u>FOR TRIAL BY JURY</u>
                )
THE HARTFORD FINANCIAL         )
SERVICES GROUP, INC.,         )
    Defendant         )

**LAW DEPARTMENT**

**APR 13 '04**

**RECEIVED**

### PARTIES

1. The plaintiff, Linda E. Herbert ("Herbert"), is an individual residing at 11 Ruth Avenue, Chicopee, Massachusetts.

2. The defendant, The Hartford Financial Services Group, Inc. ("Hartford"), is a Connecticut corporation with a principal place of business at Hartford Plaza, 690 Asylum Avenue, Hartford, Connecticut.

### FACTS

3. The plaintiff Herbert was employed by the defendant Hartford from February 1997 until June 11, 2001.

4. During her employment, the plaintiff worked in the Purchasing Department and was an Associate Buyer, Buyer, Procurement Manager and Strategic Analyst/Trader. During her time with the defendant Hartford, the plaintiff performed her duties well and received good evaluations.

5. In August of 2000, the plaintiff discovered that two men, who were performing the same job as she was, were paid substantially more. She complained to her supervisor about this disparity in pay. She was thereafter subjected to retaliation up to and including her termination on June 11, 2001. She was ostracized and improperly reprimanded without just cause. When the plaintiff complained about this situation, she was told to look for another job.

6. On June 11, 2001, the plaintiff was terminated for an alleged violation of company policy. As a purchaser of supplies from a vendor, the plaintiff had obtained, through a

promotion, the right to purchase pieces of equipment, which she donated to the United States Naval Reserve, co-workers and family members. Plaintiff had prior oral approval of a supervisor to do this, but was nevertheless called in and interrogated by the defendant's Department of Special Investigations and, at the time she was interrogated, the plaintiff was not allowed to leave the room unless, and until, she had signed an inaccurate document admitting that she had done something wrong.

7.    The defendant Hartford took the actions described in retaliation against the plaintiff for her complaints of illegal discriminatory pay practices.

## COUNT I

8.    The plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-7 above.

9.    By its actions, the defendant Hartford violated the Equal Pay Act 29 U.S.C. §215 (a)(3) and did so willfully and intentionally.

WHEREFORE, the plaintiff prays:

1.    That judgment be entered in her favor;

2.    That she receive all actual and compensatory damages suffered by her, including all lost wages and benefits;

3.    That all damages be liquidated in accordance with the Equal Pay Act;

4.    That she be granted her attorney's fees;

5.    That she be awarded interest and costs; and

6.    Such other and further relief as the Court deems just.

## COUNT II

10.    The plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-9 above.

11.    By its actions, the defendant Hartford violated the Sex Discrimination and Retaliation Provisions of 42 U.S.C. §2000 (e) and did so willfully and intentionally.

2

WHEREFORE, the plaintiff prays:

1.    That judgment be entered in her favor;

2.    That she be granted all actual and compensatory damages, including all lost wages and benefits, damages for emotional distress and all other damages provided for by Statute;

3.    That she be granted punitive damages;

4.    That she be granted her attorney's fees;

5.    That she be granted all interest and costs; and

6.    Such other and further relief as the Court deems just.


PLAINTIFF CLAIMS A TRIAL BY JURY.


THE PLAINTIFF
By her attorney:

Dated:  April __7__, 2004

Maurice M. Cahillane, Esq./BBO #069660
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA   01102-9035
Telephone:  (413) 737-0260
Fax:          (413) 737-0121

3

B

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                              SUPERIOR COURT

```
----------------------------------------------------
LINDA HERBERT,

                    Plaintiff,

        vs.

THE HARTFORD FINANCIAL SERVICES        Docket No. 04-358
GROUP, INC.

                    Defendant.
----------------------------------------------------
```

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
       Hampden County Superior Court
       50 State Street, P.O. Box 559
       Springfield, MA 01102-0559

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior Court, Hampden County, has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto as Exhibit A is a certified copy of that Notice of Removal.

Respectfully submitted,

THE HARTFORD FINANCIAL SERVICES
GROUP, INC.

By its attorneys,

_____
Thomas Royall Smith (BBO# 470300)
Erik J. Winton (BBO# 600743)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: April __, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of April, 2004, a copy of the foregoing was served on Plaintiff's attorney, Maurice M. Cahillane, Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, MA  01102-9035, via first-class mail, postage prepaid

_____

Jackson Lewis LLP

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT

---------------------------------------------------

LINDA HERBERT,

                     Plaintiff,

        vs.

THE HARTFORD FINANCIAL SERVICES
GROUP, INC.

                   Defendant.

Docket No. 04-358

---------------------------------------------------

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To:   Civil Clerk's Office
      Hampden County Superior Court
      50 State Street, P.O. Box 559
      Springfield, MA  01102-0559

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior

Court, Hampden County, has been duly filed in the U.S. District Court for the District of

Massachusetts. Attached hereto as <u>Exhibit A</u> is a certified copy of that Notice of Removal.

                        Respectfully submitted,

                        THE HARTFORD FINANCIAL SERVICES
                        GROUP, INC.

                        By its attorneys,

                        Thomas Royall Smith (BBO# 470300)
                        Erik J. Winton (BBO# 600743)
                        Jackson Lewis LLP
                        75 Park Plaza
                        Boston, MA 02116
                        (617) 367-0025

Dated: April 23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2004, a copy of the foregoing was served on Plaintiff's attorney, Maurice M. Cahillane, Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, MA 01102-9035, via first-class mail, postage prepaid

Jackson Lewis LLP

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2003, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

_____

Dated:_____, 2003

__N.B. TO PROCESS SERVER:__
PLEASE PLACE __DATE__ YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX __ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.__

( _____ )
(    4/12/2004 , 2003 )
( _____ )