UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA E. HERBERT<br>        Plaintiff<br><br>v.<br><br>THE HARTFORD FINANCIAL SERVICES<br>GROUP, INC.<br>        Defendant | CIVIL ACTION NO. 04-30079-MAP |

## MEMORANDUM IN SUPPORT OF MOTION OF
## THE HARTFORD FINANCIAL SERVICES GROUP, INC.
## TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2)

This case involves the Plaintiff's claims of discrimination against the Defendant, The Hartford Financial Services Group, Inc. ("The Hartford"). The Plaintiff, Linda Herbert ("Plaintiff"), worked for The Hartford in Connecticut from 1997 until 2001 when her employment was terminated after she admitted to stealing over $18,000 worth of equipment from The Hartford. The decision to terminate Plaintiff's employment and the meeting at which the decision was communicated both took place in Connecticut. Indeed, the only connection to Massachusetts in this matter is the location of the Plaintiff's residence and the location of Plaintiff's counsel's office. Given the absence of a tortuous injury in Massachusetts, this Court cannot, under the Massachusetts long-arm statute, exercise jurisdiction over The Hartford. Therefore, this matter should be dismissed for lack of personal jurisdiction.

## FACTS

Plaintiff worked for The Hartford at its Hartford, CT offices from February, 1997 to June 11, 2001. (Plaintiff's Complaint, ¶3). She never worked out of any other office of The

Hartford, other than its Hartford, Connecticut office and she never worked for The Hartford in Massachusetts. (Affidavit of Lisa Anderson, ¶4, (hereinafter "Anderson Aff.")).

On June 11, 2001, Plaintiff signed a written statement admitting she had improperly used Hewlett Packard frequent purchaser "reward points" belonging to The Hartford for her own personal gain. (See attached as Exhibit 1 to Anderson Affidavit). After she admitted to the theft of over $18,000 in goods, Plaintiff's employment at The Hartford was terminated. (Anderson Aff., ¶5). The decision to terminate Plaintiff's employment was made by The Hartford's management in Hartford, Connecticut. (Id.). She was advised of her termination during a meeting at The Hartford's office in Connecticut. (Id.).

On or about July 23, 2001, Plaintiff filed a Charge of Discrimination with the State of Connecticut Commission on Human Rights and Opportunities ("CHRO") against The Hartford. (Anderson Aff., ¶3). On December 19, 2001, after an investigation, CHRO dismissed Plaintiff's Charge of Discrimination. (Anderson Aff., ¶ 3). On February 6, 2002, CHRO issued a Notice of Right to Sue in Connecticut State Court. (Id.). At no time did Plaintiff ever file any Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD"). (Anderson Aff., ¶6).

On April 7, 2004, Plaintiff filed her complaint and served it on April 12, 2004. On May 3, 2004, The Hartford served its Motion to Dismiss this action.

## ARGUMENT

Asserting personal jurisdiction over The Hartford in Massachusetts concerning this matter would violate the Massachusetts long-arm statute.

## **PERSONAL JURISDICTION DOES NOT EXIST OVER THE HARTFORD**

The Hartford moves pursuant to M.R.C.P. Rule 12(b)(2) for dismissal for lack of personal jurisdiction. A "[p]laintiff confronted with a Rule 12(b)(2) motion has the burden of establishing facts upon which the question of personal jurisdiction over a defendant is to be determined." Nichols Associates, Inc. v. S. Leger Starr, 4 Mass.App.Ct. 91, 93; 341 N.E.2d 909, 910 (1976). As the facts set forth above show, Plaintiff cannot satisfy her burden. Plaintiff does not state in her Complaint what section of the Massachusetts General Laws she claims provides jurisdiction over The Hartford. A review of the applicable laws reveals that the only potential bases for jurisdiction are subsections 3(a) and (d) of M.G.L. ch. 223A. However, neither provides jurisdiction over The Hartford in this matter.

### I.    **The Plaintiff's Claim Does Not "Arise From" The Hartford's Transacting Any Business In Massachusetts.**

M.G.L. c. 223A, Section 3(a) states:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in the Commonwealth, . . .

The Plaintiff never worked in Massachusetts for The Hartford; she worked exclusively in Connecticut. (Anderson Aff., ¶4). Although Plaintiff has not alleged that The Hartford transacts business in Massachusetts, even if this is the case, under Section 3(a), Plaintiff's cause of action does not "arise from" The Hartford's transacting any business in Massachusetts.[1]

Plaintiff's claims against The Hartford relate to equal pay and the termination of her employment. (Plaintiff's Complaint ¶¶5, 7, 9, 11). These claims do not arise out of The Hartford's contacts with Massachusetts. In fact, the Plaintiff does not even allege any nexus between The

---

[1] Whatever business The Hartford may conduct in Massachusetts has no connection whatsoever with Plaintiff's employment with The Hartford in Connecticut. (Anderson Aff., ¶7).

Hartford and this jurisdiction in her Complaint. The decision regarding what salary to pay to the Plaintiff and her co-workers, the decision to terminate, as well as the termination meeting with the Plaintiff itself, all occurred in Connecticut. (Anderson Aff. ¶5). None of Plaintiff's claims, therefore, arise from any contact that the Hartford might have had with Massachusetts, which is required by Section 3(a). See Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 799 (1st Cir. 1992) (First Circuit interpreting Massachusetts law ruled that it is "not enough" that a Defendant transact business in Massachusetts. The cause of action itself must "'arise from' the Defendant's transacting business in Massachusetts.")

In a similar case,[2] the First Circuit affirmed the District Court's dismissal (Garrity, J.) of a case brought against the Hyatt Corporation by a hotel guest who had been injured at a Hyatt hotel in Hawaii. Marino v. Hyatt Corp., 793 F.2d 427 (1st Cir. 1986). The court found there was "little doubt" that Hyatt transacts business in Massachusetts within the meaning of M.G.L. c. 223A, Section 3(a), as Hyatt owns and operates a hotel in Cambridge and regularly advertises and solicits business in the Commonwealth. Notwithstanding these facts, the court stated:

> It is not enough for the purposes of Section 3(a) that a defendant transact business in Massachusetts. The cause of action itself must "aris[e] from" the Defendant's transacting of business in Massachusetts. 793 F.2d at 428.

Therefore, as in the Marino case, this Court should dismiss Plaintiff's lawsuit for lack of personal jurisdiction.

## II.    M.G.L. c. 223A, Section 3(d) Is Wholly Inapplicable Here.

The Hartford clearly is not subject to personal jurisdiction under M.G.L. c. 223A, Section 3(d) either, which permits jurisdiction over a person "causing tortious injury in this Commonwealth by an act or omission outside the Commonwealth if he regularly does or solicits

---

[2] Like the case at bar, the plaintiff in Marino brought suit in Massachusetts Superior Court before Hyatt removed to the United States District Court and moved to dismiss.

business. . . in this Commonwealth." M.G.L. c.223A, Section 3(d).[3]  Here, the most Plaintiff can claim is that she allegedly suffered, in Massachusetts, the effects of an injury that occurred outside of Massachusetts.  See Cunningham v. Ardox, Inc., 40 Mass. App. Ct. 279, 282-83 (1986) (no jurisdiction over age discrimination claim where Plaintiff was fired in a different state, even though he claimed to have suffered loss of income in Massachusetts); Crocker, supra, 976 F.2d at 799-800 (negligence and injury occurred outside of Massachusetts; therefore, no jurisdiction under Section 3(d), even though suffering may have occurred within Massachusetts). Marino, supra, 793 F.2d at 430 (rejecting plaintiff's argument that slip and fall occurring in Hawaii Hotel "arose from" the plaintiff's contracting in Massachusetts with the Hotel to supply the hotel room in Hawaii).  "While manifestations, effects, and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute 'injury in this commonwealth' within the meaning of Sec. 3(d)." See Cunningham, 40 Mass. App. Ct. at 282.

"First and foremost, there is no showing here that the [Plaintiff] suffered tortuous injury in Massachusetts.  The legal injury occasioned by the tort . . . is deemed to occur where the actual [tort] takes place.  See Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir. 1989).  In this instance, the [Plaintiff was terminated in Connecticut] and, thus, the claimed injury occurred there." U.S. v. Swiss American Bank, LTD., 191 F.3d 30, 37 (1st Cir. 1999).  Therefore, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over The Hartford.

---

[3] Regarding any additional requirements under Section 3(d), "[i]n light of our conclusion that the Plaintiff failed to satisfy the first requirement of Section 3(d), we need not discuss whether the Defendant had sufficient contacts with Massachusetts to justify the exercise of personal jurisdiction over it." Cunningham v. Ardox, Inc., 40 Mass. App. Ct. 279, 283 (1986).

**CONCLUSION**

The Defendant therefore respectfully requests that the Court dismiss the Complaint against

The Hartford for lack of personal jurisdiction.

Respectfully submitted,

THE HARTFORD FINANCIAL
SERVICES GROUP, INC.
By its attorneys,


/s/Erik J. Winton
Thomas Royall Smith, BBO #470300
Erik J. Winton, BBO #600743
Jackson Lewis LLP
75 Park Plaza
Boston, MA  02116
(617) 367-0025

Dated: May 3, 2004