UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA E. HERBERT<br>　　　　Plaintiff<br><br>v.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC.<br>　　　　Defendant | CIVIL ACTION NO. 04-30079-MAP |

### REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2)

Defendant, The Hartford Financial Services Group, Inc. ("The Hartford"), submits this reply to address the issues raised in Plaintiff's opposition to The Hartford's motion to dismiss the Complaint on the basis of lack of personal jurisdiction. The Hartford replies herein to demonstrate that Plaintiff, in her opposition: (1) proffered no material facts in dispute; (2) failed to demonstrate that The Hartford is subject to the Massachusetts Long Arm Statute, M.G.L. c.223A §3; and (3) failed to cite any applicable case law in support of its position.

Plaintiff essentially makes three arguments in her opposition. First, she argues that The Hartford concedes it does business in Massachusetts; Second, she argues that Plaintiff did work for The Hartford at her home in Massachusetts; and third, she argues that "part of the transaction at issue occurred in Massachusetts." None of these arguments supports Plaintiff's position and Plaintiff's Complaint should still be dismissed for lack of jurisdiction.

### The Hartford's Hiring Of The Plaintiff When She Happened To Reside In Massachusetts Does Not Support A Finding Of Personal Jurisdiction

Plaintiff argues that her hiring by the The Hartford while she lived in Massachusetts and the fact that The Hartford permitted her to "perform some of her work at home" in Massachusetts

are sufficient to find that The Hartford "transacted business" in Massachusetts. First, neither of these allegations are admissible as they are not properly supported by affidavits, and should therefore be stricken by the Court. Boit v. Gar-Tec Product, Inc., 967 F.2d 671, 675 (1st Cir. 1992) (a plaintiff may not rely on unsupported allegations, as the Court should only accept "properly supported proffers" of evidence as true).

Second, even if considered by the Court, these activities do not amount to "transacting business". Plaintiff offers no evidence whatsoever, admissible or not, in support of her claim that The Hartford actually hired her *in* the Commonwealth of Massachusetts, other than the mere fact that she was living in Massachusetts at the time she was hired.[1] Further, with respect to her allegation that she worked from her home in Massachusetts at times, this argument was rejected in the Ardox case cited in The Hartford's Motion to Dismiss. Cunningham v. Ardox, Inc., 240 Mass. App. Ct. 279, 282-83 (1986).[2] In Ardox, the Appellate Court upheld the dismissal on personal jurisdiction grounds, notwithstanding the Plaintiff's affidavit that he had "occasional business dealings in Massachusetts." Id. at 280.

<b><u>The Hartford's Business Dealings In Massachusetts<br>Are Completely Unrelated To The Plaintiff</u></b>

The only admissible evidence of The Hartford "transacting" business within Massachusetts comes from the affidavit of The Hartford's Lisa Anderson, submitted in support

---

[1] To the extent Plaintiff may argue that The Hartford "transacted business" with her by occasionally mailing items (such as paychecks) to her home in Massachusetts, such activity does not constitute the "continuous and systematic" transaction of business required in order to subject the Hartford to personal jurisdiction in Massachusetts regarding this matter. See Hall v. National Basketball Association, 651 F.Supp. 335,338 (D. Kans. 1987).

[2] Although Plaintiff attempts to distinguish Ardox by noting that the Plaintiff in that case moved to Massachusetts after his termination, the Appellate Court's decision "assume[d] that Massachusetts was his domicile" at the time of his termination. 240 Mass. App. Ct. at 280. In that case, since it was undisputed the plaintiff was injured outside of Massachusetts, his attempt at long-arm jurisdiction failed when he couldn't show "tortious injury in this Commonwealth." Id. at 282. Here, too, Plaintiff admits "the termination itself may have occurred in Connecticut." Plaintiff's Opposition, page 3. Thus, as in Ardox, there is no jurisdiction because it is "undisputed that the defendant's alleged tortious acts were committed outside Massachusetts." Id.

of The Hartford's Motion to Dismiss. However, it is uncontroverted that the business The Hartford conducts in Massachusetts had nothing at all to do with the Plaintiff. Therefore, notwithstanding the Supreme Judicial Court's decision in Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994), there is no jurisdiction here because the Plaintiff's claims were not "made possible by, or lie[] in the wake of, the transaction of business in the forum State." Id.

Plaintiff's Complaint alleges two causes of action -- Violation of the Equal Pay Act and Violation of 42 U.S.C. s. 2000(e). The factual bases alleged in the Complaint in support of these claims are limited to: (1) disparate pay; (2) retaliation against her for reporting such disparate pay; and (3) termination of her employment. These are the *only* factual allegations of wrongdoing alleged in the Complaint. It is uncontroverted that none of these actions occurred in Massachusetts. Indeed, in her Opposition Plaintiff does not allege that they did. As a result, there is simply no "meaningful link" between the claims and the defendants' contacts with Massachusetts. U.S. v. Swiss American Bank, Ltd., et al., 116 F. Supp. 2d 217, 223; (D. Mass, 2000).

## Case Law Clearly Support The Hartford's Position

Addressing Plaintiff's argument that there are no grounds for dismissal based upon case law, There are a long line of cases in a number of jurisdictions supporting The Hartford's position. See Zepeda v. Pace International Research, Inc., 670 F.Supp. 1509 (W.D. Wa. 1987)(handicap discrimination claim by Washington resident against Oregon employer dismissed from Washington Court for lack of personal jurisdiction, notwithstanding the fact that plaintiff "occasionally took work home to Washington," since he was not "required to work [from home] as a condition of his employment"); Gagner v. Parsons & Whittemore, Inc., 450 F.Supp. 1093 (E.D. Pa. 1978)(compensation claim by Pennsylvania resident against New York

employer dismissed from Pennsylvania Court for lack of personal jurisdiction, notwithstanding defendant/employer's correspondence and telephone conversations with plaintiff in New York during contract negotiations); Rogers v. Icelander/Flugleider, Int'l, 522 F.Supp. 670 (E.D. Pa. 1981)(wrongful termination action by Pennsylvania resident against foreign employer dismissed from Pennsylvania Court for lack of personal jurisdiction, notwithstanding the fact that plaintiff received his termination notice in Pennsylvania); Guthrie v. Ciba-Geigy, Ltd., 620 F.Supp. 91 (D. Conn. 1984)(age discrimination claim by Connecticut resident against New York employer transferred from Connecticut Court for lack of personal jurisdiction); Adams v. Governer's Committee on Post Secondary Education, 504 F.Supp. 30 (E.D.Pa. 1980)(Title VII claim by Pennsylvania resident against Georgia employer transferred from Pennsylvania Court for lack of personal jurisdiction); Hall v. National Basketball Association, 651 F.Supp. 335 (D. Kans. 1987)(Title VII claim by Kansas resident against New York employer transferred from Kansas Court for lack of personal jurisdiction); Stacy v. Hilton Head Seafood Company, 688 F.Supp. 599 (S.D. Ga 1988)(Title VII claim against South Carolina employer dismissed from Georgia Court for lack of personal jurisdiction, notwithstanding the fact that the Georgia Courthouse was closer geographically to the defendant's place of business than the nearest federal court in South Carolina).  In contrast to the many cased cited above, Plaintiff cannot find even one case on point and in support of her position.

### None Of The Subsections Of M.G.L. c. 223A, Sec. 3 Apply

Plaintiff argues that all four subsections of Massachusetts' Long Arm Statute provide jurisdiction in this matter.  As for subsection 3(a), as stated above, the only business The Hartford transacts in Massachusetts is completely unrelated to this cause of action or the Plaintiff.  Regarding subsection (b), again, whatever contracting The Hartford engages in to

supply services in Massachusetts has nothing to do with either Plaintiff or her claims in this case.

Subsections (c) and (d) deal exclusively with "tortious injuries". Therefore, the causes of action in question are statutory claims and not torts. See Witlow v. Harvard Pilgrim Health Care, Inc., 17 Mass.L.Rep. 330, 2004 Mass. Super. LEXIS 21, *5 (January 23, 2004, Garsh, J.)(claims brought under M.G.L. ch. 151B and the Massachusetts Equal Pay Act are not tort claims); citing Thomas v. EDI Specialists, 437 Mass. 536 (affirming no right to third party contribution or indemnification in discrimination context because violations of M.G.L. c. 151B are not torts) and Jancey v. School Committee of Everett, 421 Mass. 482, 501 (1995).

With respect to subsection (c), Plaintiff alleges that The Hartford caused tortious injury, subsequent to Complainant's termination, by sending its agents to her home in Massachusetts to retrieve property Plaintiff had stolen[3] from The Hartford, and that these actions are a "partial cause of emotional distress injury which occurred in Massachusetts." First, it is crucial that no allegation of this occurrence is found in the Complaint. Further, since this incident occurred *after* Plaintiff's termination, it was not related to her employment or her statutory claims. As such, it is irrelevant to this lawsuit in general, and this motion specifically. Accordingly, it cannot support a finding of jurisdiction.

Finally, Plaintiff's argument in support of the applicability of subsection (d) is bereft of any legal support, and ignores the well-settled precedent cited by The Hartford in its Memorandum. See Ardox, 40 Mass. App. Ct. at 282-83. Indeed, without any support, Plaintiff alleges that in employment cases "the damage suffered occurs in more than just a geographic place. Plaintiff suffers economic loss, primarily wages and benefits." What Plaintiff does not

---

[3] Plaintiff states in her opposition that regarding the $18,000 worth of equipment she stole from The Hartford, she allegedly "donat[ed] almost all". Plaintiff is careful not to mention the digital camera she "donated" to her daughter for her daughter's personal use. See Plaintiff's Opposition, Ex. A. In addition, Plaintiff actually had the audacity to allege that "the equipment was not useful to" The Hartford, as if this would excuse the Plaintiff of her unlawful conduct.

explain is how such "injuries" are viewed any different than those suffered in a wrongful death or other matters.

### Jurisdiction Is Not Found Under The "But For" Or "Proximate Cause" Tests

Plaintiff attempts to apply the "but for" test set forth in Tatro in support of her argument, by stating that her claims arise out of The Hartford's hiring her to work at its offices in Connecticut. The fatal error in Plaintiff's reasoning is that the hiring of the Plaintiff is not the first element to be examined in this analysis. Rather, the first element must, above all, constitute "transacting business" in Massachusetts. Since The Hartford's only "transacting" of business in Massachusetts had nothing to do with Plaintiff or her employment, there is no jurisdiction.

Further, Plaintiff's cite to Tatro and Judge Young's Nowak decision, Nowak v. Tak How Investment, 899 F. Supp. 25 (D.Mass, 1995) ("Nowak I") are misguided, as the applicable law is the First Circuit's Nowak decision, Nowak v. Tak How Investment, 94 F.3d 708 (1st Cir., 1996) ("Nowak II"), which rejected Judge Young's reliance on the Tatro analysis under federal law. While the Tatro decision may have expanded the definition of personal jurisdiction, Nowak II emphasized that this analysis should still be done on a case by case basis.

Nowak II held that the correct analysis in the federal courts of the First Circuit is the "proximate cause" test. The proximate cause standard requires that a defendant's in-state contacts be the foreseeable cause of the plaintiff's injuries. 94 F.3d at 715. Here, The Plaintiff's injuries were not the foreseeable cause of The Hartford's in-state contacts. In Nowak II, the Court found jurisdiction because it held that "significant events took place in Massachusetts giving it an interest in this litigation." Id. at 718. Here, this is not the case.

6

## CONCLUSION

The Defendant therefore respectfully requests that the Court dismiss[4] the Complaint against The Hartford for lack of personal jurisdiction.

                         Respectfully submitted,

                         THE HARTFORD FINANCIAL
                         SERVICES GROUP, INC.
                         By its attorneys,

                         /s/Erik J. Winton
                         Thomas Royall Smith, BBO #470300
                         Erik J. Winton, BBO #600743
                         Jackson Lewis LLP
                         75 Park Plaza
                         Boston, MA  02116
                         (617) 367-0025

Dated: June 29, 2004

---

[4] In the event the Court finds dismissal inappropriate, The Hartford requests that the Court, pursuant to 28 USC s. 1404(a), transfer this matter to the District of Connecticut ("for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")